# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SUSAN PATRICE SUKUT and | ) | Bankruptcy Case No. 05-29075 EEB |
| THOMAS GEORGE SUKUT, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| JAMES RIES and HELEN RIES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 05-1872 EEB |
| | ) | |
| SUSAN PATRICE SUKUT, | ) | |
| | ) | |
| Defendant. | ) | |

**APPEARANCES:**

Michael R. Lawrence
COUNSEL FOR PLAINTIFFS
600 17th St., Suite 2800 South
Denver, CO 80202

Darrell M. Daley
COUNSEL FOR DEFENDANT
1900 15th St.
Boulder, CO 80302

_____

# ORDER
_____

THIS MATTER comes before the Court on the parties' briefs as to whether this Court should give collateral estoppel effect to a prior state court judgment entered against the Defendant for fraud. Plaintiffs commenced this adversary proceeding, seeking to except their judgment debt from discharge under 11 U.S.C. § 523(a)(2). They contend that the state court judgment bars re-litigation of the underlying facts. The Court being otherwise advised in the

1

premises hereby FINDS AND CONCLUDES:

## I.     Background and Procedural History

Ms. Sukut entered into a contract to sell to the Rieses a boat and RV storage facility  for $910,000.  As part of the sale transaction, Ms. Sukut allegedly provided the Rieses with a written market analysis, representing that it portrayed the projected  expenses and income of the business.  The Rieses have alleged that the representations made in this market analysis induced them to buy the property.  They tendered all but about $70,000 of the purchase price and then defaulted on the balance because they claim Ms. Sukut had failed to prepare the property as agreed.  Sometime in 2001, Ms. Sukut sued the Rieses in Arapahoe County, Colorado District Court, to collect the remaining balance due under the contract.  The Rieses counterclaimed for "misrepresentation" and breach of contract.  In the misrepresentation counterclaim, the Rieses maintain that Ms. Sukut "knew or should have known that the marketing analysis overstated the capacity and profitability of the property at issue."  Notably, the misrepresentation counterclaim does not contain any allegations that Ms. Sukut made the misrepresentation with fraudulent intent or intent to deceive.

In April 2003, the Rieses served written discovery requests on Ms. Sukut.  After she failed to respond, they filed a Motion to Compel, to which her counsel responded, advising that he had filed a motion to withdraw as counsel due to his inability to communicate with Ms. Sukut.  On or about September 8, 2003, the Rieses filed a Reply in further support of their Motion to Compel, arguing that Ms. Sukut's refusal to engage in the discovery process would jeopardize the parties' trial date of November 3, 2003.  On or about October 15, 2003, the Rieses filed a Motion for Default Judgment.  At the trial call on October 24, 2003, the state court judge noted the pending Motion to Compel, Motion for Default Judgment, and Motion to Withdraw as Counsel for the Defendant.  The court allowed Ms. Sukut's counsel to withdraw and gave Ms. Sukut sixty days to respond to discovery, obtain new counsel and respond to the pending motions.  When she failed to comply with any of these directives, the state court judge entered an Order Awarding Default Judgment, stating:

Final judgment hereby enters by default against the plaintiff, Susan Sukut, and in favor of the defendants, James and Helen Ries, as to all claims brought by the plaintiff against the defendant Rieses.  Final judgment hereby enters by default against the plaintiff, Susan Sukut, and in favor of the defendants, James and Helen Ries, as to the Rieses' counterclaims.  The Court finds that the plaintiff fraudulently induced the Rieses to purchase the real property at issue by overstating its expected profitability.  The parties' buy/sell agreement for the real property located at 651 Salida Way in Aurora, Colorado is hereby rescinded.  Judgment enters against the plaintiff in the amount of $910,000.00, the purchase price of the property, plus the amount spent by the Rieses as capital costs on the Salida property, plus the losses incurred by the Rieses in operating the Salida property, both of which amounts will be determined by affidavit and supporting documentation provided by the Rieses.  Attorney fees and costs are also awarded

2

in an amount to be specified by the Rieses' counsel in an affidavit and a bill of costs, within fifteen days of receipt of this order.

## II.    Discussion

The bankruptcy court ultimately determines whether a debt is non-dischargeable under Section 523,[1] but a prior court judgment may preclude the re-litigation of settled facts under the doctrine of collateral estoppel. *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988). When a federal court considers the preclusive effect of a state court judgment under the collateral estoppel doctrine, it is guided by the mandates of the Full Faith and Credit Act, 28 U.S.C. § 1738, which codifies the Full Faith and Credit Clause of the Constitution, Art. IV, § 1. *Hill v. Putvin (In re Putvin)*, 332 B.R. 619, 625 (10th Cir. BAP 2005). The Full Faith and Credit Act directs a federal court to look to the preclusion law of the state in which the judgment was rendered. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). It requires the federal court to "'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986)).

Since the Rieses obtained their judgment in a Colorado state court, we must apply Colorado law to determine whether to give preclusive effect to the judgment. Under Colorado law, a party asserting issue preclusion must satisfy four requirements:

1.    The issue [to be] precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;
2.    The party against whom estoppel [is] sought was a party to or was in privity with a party in the prior proceeding;
3.    There was a final judgment on the merits in the prior proceeding;
4.    The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Michaelson v. Michaelson*, 884 P.2d 695, 700-01 (Colo. 1994); *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999). "The burden of establishing these elements rests with the party seeking preclusion." *Bebo Constr.*, 990 P.2d at 85.

"Although the general rule in Colorado is to give preclusive effect to default judgments, this principle still contains the caveat that the issues precluded must have been actually litigated." *Evans v. Dunston (In re Dunston)*, 146 B.R. 269, 277 (D. Colo. 1992); *In re Austin*, 93 B.R. 723, 727 (Bankr. D. Colo. 1988). "Actual litigation does not necessitate a full trial, but a full and fair opportunity for the defendant to present his case." *Dunston*, 146 B.R. at 277; *Austin*, 93 B.R. at 727. "To be actually litigated the issue must be raised by a party through an

---

[1] All references to "Section" herein shall mean Title 11, United States Code, unless otherwise specifically noted.

3

appropriate pleading or tried with the consent of the parties, it must be submitted to the prior tribunal for determination, and it must be determined by that tribunal." *Bebo Constr.*, 990 P.2d at 86. "[I]n a dischargeability proceeding, it is especially important that the judge look at the entire record from the state court action to ensure that all issues given preclusive effect have been actually litigated and presented.  A bankruptcy court can deny preclusive effect to the state default judgment if the findings were 'conclusory' or the record, pleadings, and affidavits do not enable the bankruptcy court to discern the basis of the facts." *Dunston*, 146 B.R. at 278 (citations omitted).

In *Dunston*, the court declined to grant preclusive effect to a default judgment, explaining that:

> In this case, the parties never completed discovery, and the state court did not hear all the evidence.  The documents, interrogatories, and answers to interrogatories never clarified all the facts.  [The Dunstons' attorney's] testimony regarding the Dunstons' distraction from the state court proceedings is particularly telling of weak participation and defense.  The bankruptcy court's special jurisdiction to determine dischargeability is significant here.  Because the court could not conclude that the findings of fraud were fully presented, defended, and litigated in the state court, it was under a duty to litigate anew the factual issues necessary to the determination of dischargeability.  Therefore, I affirm the bankruptcy court's conclusion that the state court default judgment did not preclude litigation of Dunston's fraud under § 523(a)(2)(A).

*Dunston*, 146 B.R. at 278.  *See also Hoyt v. Mathias (In re Mathias)*, 2001 WL 936345 (Bankr. D. Colo. 2001) (denying preclusive effect to a default judgment where there was no participation in the state court proceeding by the defendant, no discovery conducted, and no evidence of "fraud" presented).

This Court interprets the *Dunston* court's application of the standard for collateral estoppel to require more than a missed opportunity to defend before it will grant preclusive effect to a default judgment.  It means something more than a missed opportunity to defend, and something less than a full trial.  We interpret *Dunston* to require evidence that the parties engaged in a meaningful assessment of the facts and then the defendant made a conscious choice not to contest the entry of judgment, or that the court rendered findings based on evidence presented in some form, through affidavits, proffers, or at trial.

This case is distinguishable from *McCart v. Jordana (In re Jordana)*, 216 F.3d 1087, 2000 WL 783401 (10th Cir. 2000) (unpublished), in which the Tenth Circuit granted preclusive effect to a default judgment entered against a debtor as a sanction for his substantial abuse of the discovery process.  In *Jordana,* the court applied federal collateral estoppel principles to a previous federal court default judgment.  More importantly, the debtor in *Jordana* engaged in extreme misconduct relating to the discovery process.  The debtor did not simply default at the beginning of the case, instead, he significantly participated in the litigation and engaged in

4

serious obstructive behavior for more than two years before a default judgment entered as a sanction. Specifically, "he took his deposition transcript and refused to return it, refused to cooperate in discovery, and refused to answer [the] complaint, all in spite of repeated warnings from the district court that his behavior was in violation of the court's rules." *Id.* at **2. In this case, there is no evidence that Ms. Sukut engaged in such behavior. Rather, it appears that Ms. Sukut merely abandoned her suit after the Rieses filed their counterclaims.

The Rieses' complaint in this case seeks to except from discharge Ms. Sukut's debt owed to the Rieses pursuant to Section 523(a)(2), as one obtained either through false pretenses, false representations, fraud, or through use of a false financial statement. The Rieses do not specify whether they seek to except the debt from discharge as one "obtained by false pretenses, false representations, or actual fraud" under Section 523(a)(2)(A), or as a debt obtained through use of a false financial statement under Section 523(a)(2)(B).[2] For purposes of this Order, we need not determine the subsection on which the Rieses' claim is based because neither the elements of Section 523(a)(2)(A) nor (a)(2)(B) were pled or actually litigated. The Rieses' state court "misrepresentation" counterclaim could encompass a claim for either fraudulent or negligent misrepresentation. Colorado recognizes the tort of negligent misrepresentation. *See, e.g., Keller v. A.O. Smith Harvestore Prods., Inc.,* 819 P.2d 69 (Colo. 1991). A negligent misrepresentation claim would not satisfy either subsection of Section 523(a)(2). The form of Order entered by the state court expressly found that Ms. Sukut had "fraudulently induced" the sale by overstating the business' expected profitability, but this Court has been given no indication that any evidence was tendered to the state court to support such a finding. It may have simply signed a form of proposed order, tendered by the Rieses. It makes conclusory findings at best. It is difficult to imagine what evidence could have been tendered to support a finding of fraudulent intent because the parties did not meaningfully engage in any discovery to clarify the facts. Under these circumstances, this Court cannot find that the issue of fraud was "actually litigated."

## III.    Conclusion

For the reasons stated above, this Court

ORDERS that the state court default judgment in favor of the Rieses does not preclude litigation of the Plaintiffs' allegations of fraud in this adversary proceeding.

FURTHER ORDERS that this case is set for a status and scheduling conference scheduled for **Thursday, August 31, 2006, at 10:00 a.m. in Courtroom F**, on a trailing docket, United States Bankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, Colorado  80202-2508**. Parties wishing to appear by telephone shall call 720-904-7499 before the scheduled time of the hearing. The Meeting ID for the conference call is 1122, followed by the # sign. Please state your name clearly. If the hearing has not yet begun, you will**

---

[2] For a thoughtful analysis of the distinction between these two claims, see *Cadwell v. Joelson (In re Joelson),* 427 F.3d 700 (10th Cir. 2005).

hear hold music.  Please stay on the line until the court operator takes the roll call and the hearing begins. The Court will not contact parties by telephone.  If a party has not called in to the conference line or is not present in court, it will be deemed a failure to appear.

DATED this 1st day of August, 2006.

BY THE COURT:

Elizabeth E. Brown
United States Bankruptcy Judge